UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PAUL W. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-00486-TAV-HBG |
| | ) | |
| DARLENE M. WALKER, Attorney at Law, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 363(c), the Rules of this Court, and the referral Order [Doc. 83] of the Chief District Judge.

Now before the Court is a Motion for Consolidation of Separate Trials [Doc. 79], filed on March 6, 2017. The Defendants have responded [Docs. 80, 82, 84] in opposition, and the Plaintiff has filed a Reply [Doc. 85]. The Motion is now ripe for adjudication. Accordingly, for the reasons stated below, the Court **DENIES** the Plaintiff's Motion [**Doc. 79**].

**I.      POSITIONS OF THE PARTIES**

The Plaintiff requests that the Court consolidate the instant action ("*Walker*") with *Lewis v. Hawkins, et al.*, No. 3:16-cv-315 ("*Hawkins*"). The Plaintiff states that pursuant to Federal Rule of Civil Procedure 42(a), the cases are "interwoven" and "interconnected" in such a way that they cannot be separated for a full and fair determination of the issues presented for review. The Plaintiff asserts that both cases involve common questions of law and fact and that consolidation of these cases for trial would avoid unnecessary costs or delay. Further, the Plaintiff asserts that consolidation will be "conducive to expedition and economy" and that neither party will suffer prejudice if these cases are consolidated for trial. [Doc. 79 at 2].

1

The Defendants have objected [Docs. 80, 82, 84] to the Plaintiff's Motion. Defendant Kris Lewallen argues [Doc. 80] that pursuant to Federal Rule of Civil Procedure 42, consolidation is not appropriate. Defendant Lewallen asserts that *Walker* arises from an August 2014 drug sting, while *Hawkins* arises from a July 2015 traffic stop. Defendant Lewallen argues that the lawsuits do not involve the same defendants and that there is no overlap between the witnesses in the cases. Further, Defendant Lewallen contends that the legal issues are similarly unrelated. Defendant Lewallen explains that in *Walker*, the Plaintiff has alleged a false arrest claim, but in *Hawkins*, the Plaintiff alleges an unreasonable search and seizure related to a traffic stop. Finally, Defendant Lewallen asserts that the Defendants have filed motions to dismiss in *Walker* based on the expiration of the statute of limitations.

Defendant Walker filed a Response [Doc. 82] also objecting to the Motion. Defendant Walker argues that there are no common questions of law or fact in the lawsuits. Further, Defendant Walker asserts that the procedural posture of the cases are different and not ripe for consolidation. Further, Defendant Walker states that consolidation would be prejudicial because at the trial, different witnesses would testify about unalike events to answer dissimilar questions of law. Defendant Walker asserts that consolidation would confuse the jury. Finally, Defendant Walker submits that the timing of consolidation is premature. Defendants Blake Murphy and Bill Miller have joined [Doc. 84] Defendant Walker's Response.

The Plaintiff filed a Reply [Doc. 85] arguing that both actions involve civil rights violations arising out of the same set of common questions of law and fact. The Plaintiff states that he has attempted to file an amended Complaint in *Walker* to allege wrongdoing by a number of individuals, including Keith Hawkins and Scott County, Tennessee. The Plaintiff states that "both cases involve civil rights violations based on a complex web of alleged wrongdoing arising out the

same set of law and facts." [Doc. 85 at 4]. Specifically, the Plaintiff emphasizes that Defendant Hawkins pulled the Plaintiff over to search for drugs and that "not looking at a police officer, speeding by three miles per hour, suspicion, conjecture, or speculation, [or] the fact that Plaintiff is a convicted drug dealer was not sufficient probable cause to pull the vehicle over and then search the vehicle." [Doc. 85 at 5]. The Plaintiff also argues that there was fraud upon the court by an officer of the court and that he has stated a claim for malicious prosecution.[1]

## II.  ANALYSIS

Federal Rule of Civil Procedure 42(a)(2) states that a court may consolidate actions that "involve a common question of law or fact." A court may exercise its "discretion to consolidate actions only if it first determines that there is a common question of law or fact." *WCM Industries, Inc. v IPS Corp.*, No. 2:13-cv-02019, 2013 WL 3349182, * 2 (W.D. Tenn. July 2, 2013). "The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined, and the court must examine the special underlying facts with close attention before ordering a consolidation." *Id.* (quoting *Banacki v. OneWest Bank, FSB,* 276 F.R.D. 567, 571 (E.D. Mich. 2011)) (citations and quotation marks omitted).

In deciding whether to consolidate, a court should consider whether the specific risks of prejudice and possible confusion posed by consolidation are overborne "by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993).

---

[1] In the Plaintiff's Reply [Doc. 47] in the *Hawkins* case, he asserts that the cases are interconnected because after he entered his guilty plea on September 2, 2014, Oneida City Police Officers and Scott County Sheriff's Department continued to harass and intimidate him.

3

In the present matter, the Court finds that consolidation is not appropriate. In *Hawkins*, the Plaintiff brings his Amended Complaint pursuant to 42 U.S.C. § 1983. This case arises from a traffic stop on July 24, 2015. The Plaintiff alleges that there was no probable cause for the stop and that Officer Hawkins discriminated against him by making him stand on one leg without his crutches. The Amended Complaint alleges that Officer Hawkins knowingly, willfully, deliberately, and maliciously subjected the Plaintiff to physical, mental, and emotional stress. Further, the Amended Complaint states that the warrant for Plaintiff's arrest was not for robbery, but instead, a probation violation that was dismissed.

With respect to *Walker,* the Plaintiff alleges that he was deprived of life, liberty, and property without due process of law when the Defendants illegally obtained confidential, attorney/client privileged information and used such information to arrest, prosecute and convict him. Further, the Plaintiff alleges that the Defendants committed tortious act of fraud when they fabricated the warrant for Plaintiff's arrest, prosecution, and conviction. It appears that the Plaintiff's allegations stem from his arrest on April 19, 2014, when he was charged for selling a Schedule II narcotic, which was based upon information received from a confidential informant, and his arrest on August 4, 2014, when he was charged with coercion and two counts of selling Schedule II narcotics.

With respect to the instant Motion, the Plaintiff asserts that these cases are so "interwoven" and "interconnected" that they cannot be separated. However, he provides little explanation as to how the cases are so "interwoven" or "interconnected." The Plaintiff asserts that Defendant Hawkins pulled the Plaintiff over in order to search for drugs in Plaintiff's vehicle because he (Plaintiff) is a convicted drug dealer. Further, the Plaintiff asserts that the traffic stop shows that his case did not end in 2014 because he continued to be harassed by law enforcement. The Court

4

finds that such allegations are not sufficient to consolidate the two cases. Instead, it appears to the Court that some of the facts as alleged in *Walker* may only provide some background information for the alleged facts in *Hawkins*.

With respect to whether there is a common question of law, the Court agrees with Defendant Walker. While both actions appear to allege violations of similar laws, in *Hawkins*, the Court will review whether a police officer unfairly stopped the Plaintiff, and in *Walker*, the Court will review the conduct of private attorneys, prosecutors, and law enforcement in terms of a false arrest, fraudulent court proceedings, and corruption of witnesses. The Court finds that because the cases are too dissimilar, consolidation would only confuse the jury. Further, while the Plaintiff asserts that he has filed an Amended Complaint in *Walker,* the Court notes that it has not been granted at this time and that even if it is granted, it would not change the Court's analysis.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** the Plaintiff's Motion for Consolidation of Separate Trials. [**Doc. 79**].

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge